IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAROLD HAWKS,

    Petitioner,

v.

ANTHONY P. KANE,

    Respondent.

No. C 04-01822 JSW

**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND ORDER GRANTING MOTION FOR CERTIFICATE OF APPEALABILITY**

    This matter comes before the Court upon consideration of the motion for leave to file a motion to reconsider filed on December 1, 2006, by Petitioner Harold H. Hawks ("Hawks"). Hawks seeks leave to file a motion for reconsideration pursuant to Northern District Local Rule 7-9 and pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). On that same day, Hawks filed a notice of appeal without filing a motion for certificate of appealability. The Court shall construe the notice of appeal as a request for a certificate of appealability.

    **A. Hawks' Motion for Leave to File a Motion to Reconsider Judgment is Denied.**

    Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal

arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Under Federal Rule of Civil Procedure 60(b), "upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of judgment."

Hawks seeks reconsideration of the judgment entered on November 1, 2006, upon this Court's denial of his petition for a writ of habeas corpus. Hawks contends that the law has changed materially and has been clarified since the Court issued its Order. To the extent Hawks relies on Rule 60(b), the Court has considered Hawks arguments in favor of reconsideration, finds them unpersuasive and finds no reason to amend or reconsider its judgment. To the extent Hawks relies on Local Rule 7-9, the Court also denies the motion because it was filed after entry of judgment and because the Court does not find that there has been a material change in the law since the Order was issued.

**B.     Hawks' Motion for a Certificate of Appealability is Granted.**

Pursuant to 28 U.S.C. § 2255, "[a]n appeal may be taken to the court of appeals from the order entered on the motion [to vacate] as from a final judgment on application from a writ of habeas corpus." A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The certificate must indicate which issues satisfy this standard. *See id.*; 28 U.S.C. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. This requires an overview of the claims in the petition and a general assessment of their merits. It does not require full consideration of the factual or legal bases adduced in support of the claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Nor

does it require a showing that the appeal will succeed. *Id.*; *accord Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (issuance of COA is not precluded merely because petitioner cannot meet standard for actually obtaining habeas relief). The question is the debatability of the underlying claim, not the resolution of that debate. *Miller-El*, 537 U.S. at 342.

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983). *Slack*, 529 U.S. at 483. In *Barefoot*, the Supreme Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." *Id.* (citations and internal quotations omitted; emphasis in original).

The COA must indicate which issues satisfy the section 2253(c)(3) standard, and the Court of Appeals is limited to considering only those claims. *Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

The Court finds that Hawks' has met his burden to show a certificate of appealability is warranted as to whether the Board's decision to deny him parole violated his due process rights. As such his request for a certificate of appealability is GRANTED.

**IT IS SO ORDERED.**

Dated: December 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3